MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES TIBBS,

        Plaintiff,                    CASE NO.: 8:15-cv-2492-T-24JSS

vs.

POWER ONLY, LLC, a Florida
Limited Liability Company, and
CHRISTOPHER BAKER,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court on Power Only, LLC's ("Power Only") and Christopher Baker's Motion to Dismiss the Complaint (Dkt. 9), to which Plaintiff has filed a Response in Opposition (Dkt. 10). For the reasons stated herein, the Court denies Defendants' Motion to Dismiss.

**I.**      **BACKGROUND**

Plaintiff James Tibbs brings a Fair Labor Standards Act ("FLSA") claim, 29 U.S.C. 207, for unpaid overtime wages and an unlawful retaliation claim under the Florida Private Sector Whistleblower Act, Chapter 448 Florida Statutes, against his former employer. The complaint does not contain much detail, so the following is a summary of the allegations based on the Court's reading of the complaint.

Tibbs worked as a truck driver for Power Only. Defendant Baker was the owner and/or operator of Power Only. During his employment, the dates of which are not specified in the

complaint[1], Tibbs worked in excess of 40 hours per week for every week of his employment. Tibbs was never paid overtime wages. Tibbs alleges that Power Only's failure to pay overtime wages violated the FLSA.

Tibbs alleges that Power Only was his employer under the FLSA and that Defendant Baker was also his employer under the FLSA because he was the owner/operator of Power Only and acted "directly in the interests of" Power Only in relation to its employees. Tibbs alleges he was an employee under the FLSA.

Relevant to Tibbs' unlawful retaliation claim, during the course of his employment, Tibbs complained to Power Only about driving more hours than is permitted under 49 C.F.R. § 395 and under an unspecified state regulation. In response to Tibbs' complaints, Power Only agreed to permit Tibbs to sleep in his truck at the drop off locations (rather than immediately drive back upon drop off) and agreed to pay Tibbs $100 for each such overnight trip. Before Tibbs made any overnight trips, Power Only terminated Tibbs' employment. Tibbs asserts that by terminating his employment, Power Only retaliated against him after Tibbs objected to and/or refused to participate in Power Only's unlawful activity of requiring Tibbs to drive hours in excess of state and federal laws.

The complaint contains three counts: Count One against Power Only for violation of the FLSA; Count Two against Baker for violation of the FLSA; and Count Three against Power Only for violation of the Florida Private Sector Whistleblower Act.

II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must make

---

[1] In Tibbs' response to the motion to dismiss, he clarifies that he worked for Power Only from June 2015 to early September 2015. Dkt. 10 at 4.

sufficient factual allegations "to a state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). Plausibility requires that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the Residence Inn is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The complaint need not include detailed factual allegations, but it must set forth more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (internal quotation marks and citation omitted).

The Eleventh Circuit suggests that district courts undertake a two-step approach in evaluating a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citation omitted). Accordingly, all "legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).

### III. ANALYSIS

At the outset, the Court notes that Defendants filed a motion to dismiss that fails to comply with Local Rule 3.01(a), which requires that movants include a "statement of the precise relief requested, a statement of the basis for the request, and *a memorandum of legal authority in support of the request*." (emphasis added). Defendants failed to include a memorandum of legal authority in their motion to dismiss. Nor do Defendants support their motion with any rule, statute, or case law. While the Court may deny the motion for failure to comply with the local rule, the Court will proceed to address the motion on the merits.

3

A. **Counts I and II: FLSA Claims**

Defendants argue that the Court should dismiss counts one and two of the complaint because Tibbs fails to allege (1) his hourly rate of compensation, (2) his weekly rate of compensation, (3) the total number of hours Tibbs worked, (4) Tibbs' duties while employed at Power Only, (5) Tibbs' position, duties or routes driven at Power Only, and (6) the weight of the truck Tibbs drove while employed at Power Only.

In order to state a FLSA claim against an employer, the Eleventh Circuit has stated the following:

> [T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. There is no need to prove intent or causation that might require more extensive pleading.

*Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

Here, Tibbs alleges that Power Only and Baker are covered employers under the FLSA and that they violated the FLSA by failing to pay Tibbs overtime wages when he worked in excess of 40 hours per week. While these allegations are not detailed, the Court finds that Tibbs has not sufficiently stated a claim for relief for failure to pay overtime wages under the FLSA.

B. **Florida Whistleblower Retaliation Claim**

Defendants argue that the Court should dismiss count three of the complaint because Tibbs failed to provide Defendants with written notice of the perceived violation and thus, Tibbs has not complied with all conditions precedent. Defendants do not support their argument with any rule, statute, or case law.

In his response, Tibbs suggests that Defendants may be referring to a notice requirement that is only applicable to claims based on section 448.102(1).[2] Tibbs however brings his retaliation claim under section 448.102(3), Florida Statutes, which states that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." There is no mention of a notice requirement. In *Golf Channel v. Jenks*, 752 So. 2d 561 (Fla. 2000), the Florida Supreme Court held that the notice requirement in section 448.102(1) does not apply to claims based on an employee's objection to unlawful activity of employer under section 448.102(3)).

Because no notice is required for Tibbs to bring a claim pursuant to section 448.102(2) of the Florida Statutes, the Court denies Defendants' motion to dismiss count three.

## IV. CONCLUSION

For the reasons stated herein, the Court denies Defendants' motion to dismiss the complaint. Defendants shall file an answer to the complaint by January 27, 2016.

DONE AND ORDERED at Tampa, Florida, this 13th day of January, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record

---

[2] § 448.102(1), Fla. Stat., states that "[a]n employer may not take retaliatory personnel action against an employee because the employee has [d]isclosed, or threatened to disclose . . . an activity, policy, or practice of the employer that is in violation of a law, rule or regulation." It goes on to state that "this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice." *Id.*

5