MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES TIBBS,

        Plaintiff,                     CASE NO.: 8:15-cv-2492-T-24JSS

vs.

POWER ONLY, LLC, a Florida
Limited Liability Company, and
CHRISTOPHER BAKER,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff James Tibbs' Motion to Dismiss Power Only, LLC ("Power Only") and Christopher Baker's Counterclaim (Dkt. 17), to which Defendants have filed a Response in Opposition (Dkt. 20). For the reasons stated herein, the Court denies Plaintiff's Motion to Dismiss.

    **I.**    **BACKGROUND**

Tibbs filed a three count complaint against Defendants Power Only and Christopher Baker on October 22, 2015. The Complaint contains two counts asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, for unpaid overtime wages (one count against Power Only and one count against Baker), and one count asserting an unlawful retaliation claim under the Florida Private Sector Whistleblower Act, Chapter 448 Florida Statues, against Tibbs' former employer, Power Only.

Defendants moved to dismiss the Complaint (Dkt. 9), which the Court denied (Dkt. 11) and directed Defendants to answer the Complaint. On January 22, 2016, Defendants filed their

answer to the Complaint and one count counterclaim asserting a claim for negligence against Tibbs (Dkt. 12).

According to the Complaint, Tibbs worked as a truck driver for Power Only. Defendant Baker was the owner and/or operator of Power Only. During his three month employment, Tibbs worked in excess of 40 hours per week for every week of his employment. Tibbs was never paid overtime wages. Tibbs alleges that Baker and Power Only's failure to pay overtime wages violated the FLSA.

Relevant to Tibbs' unlawful retaliation claim, during the course of his employment, Tibbs complained to Power Only about driving more hours than is permitted under 49 C.F.R. § 395 and under an unspecified state regulation. In response to Tibbs' complaints, Power Only agreed to permit Tibbs to sleep in his truck at the drop off locations (rather than immediately drive back upon drop off) and agreed to pay Tibbs $100 for each such overnight trip. Before Tibbs made any overnight trips, Power Only terminated Tibbs' employment. Tibbs asserts that by terminating his employment, Power Only retaliated against him after Tibbs objected to and/or refused to participate in Power Only's unlawful activity of requiring Tibbs to drive hours in excess of state and federal laws.

In their Counterclaim, Defendants assert that Tibbs was negligent during the course of his employment with Power Only in that he damaged the trailer, cargo and hand rails he was responsible for transporting, made late deliveries, failed to keep his truck clean, forgot to transport critical components of cargo, used customers' linens and blankets, impermissibly altered his uniform, and used Power Only's vehicle as his personal vehicle against company policy.

Defendants assert that Tibbs' unsatisfactory performance was the cause of his termination and seek damages from Tibbs for such negligence.

Tibbs moves to dismiss the Counterclaim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Tibbs admits that federal courts generally have supplemental jurisdiction over counterclaims which are sufficiently related to the allegations asserted in the Complaint and "arise out of a common nucleus of operative fact." However, Tibbs argues that Defendants' Counterclaim in this case is permissive and wholly unrelated to the allegations in the Complaint and thus cannot be considered by this Court.

Defendants counter that this Court has supplemental jurisdiction over the Counterclaim because it is compulsory and not permissive since the damages arise out of the same transaction (Tibbs' employment) that is the subject matter of Count Three (the whistleblower claim). Defendants argue that Tibbs' negligence is a complete defense to his whistleblower claim.

## II.   STANDARD OF REVIEW

In ruling on a motion to dismiss a counterclaim for lack of subject matter jurisdiction, "the Court must consider the allegations in the Defendant's counterclaim as true." *Olufemi v. Your Care Clinics, LLC*, No. 8:05-cv-1798-T-17TBM, 2006 WL 269982, at *2 (M.D. Fla. Feb. 3, 2006) (citations omitted). In any civil action over which the district court has original jurisdiction, the district court shall also have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2005). In other words, the district court has supplemental jurisdiction over compulsory counterclaims. Defendants seek to have their state law negligence claim heard in federal court as a supplemental claim falling under 28 U.S.C. § 1367(a) (2005).

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). In determining whether a counterclaim is compulsory, courts in the Eleventh Circuit apply the "logical relationship" test. *Goings v. Advanced Sys., Inc. of Suncoast*, No. 8:08-cv-1110-T-33TGW, 2008 WL 4195889, at *2 (M.D. Fla. Sept. 12, 2008) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). Under this test, "a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Id.* (citation omitted). "[T]here is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (citation omitted); *see also Olufemi*, 2006 WL 269982, at *2 ("The logical relationship test asks whether a counterclaim arises from the same aggregate of operative facts in that the same facts serve as the basis of both claims.").

### III. DISCUSSION

Here, Defendants' Counterclaim arises under state law and the Court has no independent federal jurisdiction to hear the negligence claim. However, the Court can exercise supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also* Fed. R. Civ. P. 13(a); *Arcusa v. Lisa Coplan-Garder, P.A.,* 2007 WL 3521986, at *1 (M.D. Fla. Nov. 15, 2007) (holding that in order to have supplemental jurisdiction over the state law claims, it must be shown that the state law claims presented are compulsory, rather than permissive).

Defendants contend that their claim of negligence, and the facts constituting the claim, are necessary to adjudicate Tibbs' whistleblower claim, because Tibbs' poor employment

4

performance is a defense to his whistleblower claim. Under existing precedent, in order to establish a prima facie case of retaliation under the Florida Whistleblower Act, a plaintiff must prove that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity. *White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1336-37 (M.D. Fla. 2005) (citations omitted). Only upon such showing does the burden shift to the defendant to put forth a legitimate reason for the adverse employment action. *Id.*

Tibbs argues that the Court lacks subject matter jurisdiction to hear the permissive counterclaim. However, Tibbs argues that this is because his FLSA claims do not give rise to a compulsory counterclaim of negligence. Tibbs fails to address whether his whistleblower claim would provide for a compulsory counterclaim of negligence that would rebut his whistleblower claim.

The facts as alleged in Defendants' counterclaim of negligence would rebut a whistleblower claim established by Tibbs. The counterclaim of negligence goes toward the issue of Tibbs' employment performance with Defendants, which is the crux of Tibbs' whistleblower claim. Because of this, the Court finds that there is a logical relationship between Tibbs' whistleblower claim and Defendants' negligence counterclaim. Thus, the negligence counterclaim is a compulsory counterclaim, and the Court will exercise its supplemental jurisdiction over the claim. Tibbs' motion to dismiss the Counterclaim is denied.

**IV.**     **CONCLUSION**

For the reasons stated herein, the Court denies Tibbs' Motion to Dismiss the Counterclaim [Dkt. 17]. Tibbs shall file an answer to the Counterclaim by April 11, 2016.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of March, 2016.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record